# Evans's Estate.    Evans's Appeal.

*Partition—Setting aside award—Sheriff's vendee.*

Where, in partition proceedings, a purpart is awarded to a purchaser of an heir's interest at a sheriff's sale, and the sheriff's sale is subsequently set aside, the court will set aside the decree awarding the purpart.

Argued May 18, 1892.    Appeal, No. 170, July T., 1891, by Eva R. Evans, alienee of heir of John J. Evans, deceased, from order of O. C. Lancaster Co., setting aside decree award- ing purpart of estate to appellant, in partition proceedings. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Pending proceedings in partition on the estate of John J. Evans, the interest of Robert J. Evans, one of the heirs, in purpart No. 3, was sold at sheriff's sale on a judgment en- tered against him after the death of his father, John J. Evans, and said interest was purchased by appellant, Eva R. Evans, wife of Robert J. Evans, Jan. 24, 1891.    On Jan. 29, she came into court and accepted purpart No. 3, in the partition proceed- ings, as alienee of Robert J. Evans.    On Jan. 31, exceptions to the sheriff's sale were filed and the sale was subsequently set aside.    On Jan. 31, a rule to revoke the decree awarding purpart No. 3 to Eva R. Evans was granted on the petition of heirs.    The court, in an opinion by PATTERSON, J., set aside the decree.

*Error assigned* was order setting aside decree, quoting the order.

1892.]        Opinion of the Court—Statement of Facts.

*J. W. F. Swift*, with him *D. G. Eshleman* and *B. F. Eshleman*, for appellant.

*A. J. Everly* and *Brown & Hensel*, not heard, for appellee.

PER CURIAM, July 13, 1892.

The decree is affirmed and the appeal dismissed at the cost of the appellant.